# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL E. HERNANDEZ, | Case No. CV 19-8325-JEM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| ANDREW M. SAUL,<br>Commissioner of Social Security, | |
| Defendant. | |

## **PROCEEDINGS**

On September 26, 2019, Saul E. Hernandez ("Plaintiff") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Defendant") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits.  Defendant filed an Answer on January 14, 2020.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.

On June 10, 2020, the Court issued a Superseding Case Management Order Re: Procedures in Social Security Appeal, which recounted the procedural history of this case and ordered Plaintiff to file a memorandum in support of the Complaint ("Supporting Memorandum") no later than July 15, 2020.

On July 30, 2020, after Plaintiff failed to file the Supporting Memorandum, the Court issued an Order to Show Cause ("OSC") why this case should not be dismissed for failure to prosecute and/or failure to comply with a court order. Plaintiff was ordered to file the Supporting Memorandum or otherwise respond to the OSC no later than August 13, 2020. He was warned that failure to do so could result in a recommendation that this action be dismissed.

To date, Plaintiff has failed to file the Supporting Memorandum or respond to the OSC.

## DISCUSSION

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with a court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002). A dismissal under Rule 41(b) - other than for lack of jurisdiction, improper venue, or failure to join a party - operates as an adjudication on the merits.

Because dismissal is a harsh penalty, the Court must weigh the following factors when determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant/respondent; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Pagtalunan, 291 F.3d at 642; Al-Torki v. Kaempen, 78 F.3d 1381, 1384-85 (9th Cir. 1996); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Having weighed these factors, the Court finds that dismissal of the action without prejudice is warranted.

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has failed to file his Supporting Memorandum, despite having been ordered to do so repeatedly and having been allowed ample time. Plaintiff's non-compliance hinders the

2

Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently. His failure to respond to the Court's orders by filing the Supporting Memorandum has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket.

The third factor – prejudice to defendants – also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecution of an action. See Eisen, 31 F.3d at 1452-53. Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move the case toward disposition at a reasonable pace and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been (1) instructed on his responsibilities, (2) granted sufficient time in which to discharge them, and (3) warned of the consequences of failure to do so. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey a court order and file the Supporting Memorandum within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown he is either unwilling or unable to comply with court orders, rules of civil procedure, and local rules by failing to file the Supporting Memorandum.

Finally, while dismissal should not be entered unless a plaintiff has been notified that dismissal is imminent, see West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), Plaintiff has been warned that his failure to file the Supporting Memorandum could result in dismissal of this action. Accordingly, dismissal of this action without prejudice is warranted.

**ORDER**

**IT IS ORDERED** that Judgment shall be entered dismissing this action without prejudice.

DATED: August 19, 2020

          */s/ John E. McDermott*
          JOHN E. MCDERMOTT
          UNITED STATES MAGISTRATE JUDGE